IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHARON M. KENNEDY )
)
v. ) NO. 3:09-0684
)
WILLIAMSON MEDICAL CENTER )

TO: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By Order entered July 28, 2009 (Docket Entry No. 7), the Court referred this action to the Magistrate Judge for review under 28 U.S.C. § 1915(e)(2) and for further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to compel or, in the alternative, to dismiss (Docket Entry No. 17). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

Plaintiff, acting pro se, filed this civil action in forma pauperis against the Williamson Medical Center asserting causes of action for employment discrimination. By Order entered August 7, 2009 (Docket Entry No. 8), Plaintiff was found to have stated arguable legal claims and process was ordered to issue to Defendant. Upon Defendant's answer (Docket Entry No. 12), a

scheduling order was entered on October 8, 2009, setting out deadlines for pretrial activity in the action. See Docket Entry No. 13.

On December 29, 2009, Defendant filed the pending motion to compel asserting that Plaintiff had not responded to written discovery requests served upon her on October 14, 2009, and that Plaintiff's deposition, which was noticed for December 3, 2009, was cancelled after Plaintiff called Defendant's counsel on November 23, 2009, stating that she wanted to drop the lawsuit. Because Plaintiff has not taken any steps to dismiss her lawsuit[1], Defendant seeks an order either dismissing the action or compelling Plaintiff to respond to the outstanding discovery requests and to attend a rescheduled deposition.

By Order entered January 4, 2010, the Court ordered Plaintiff to respond to Defendant's motion by January 15, 2010, and declare whether: 1) she intends to continue to litigate the action; or 2) she seeks to voluntarily dismiss the action. Plaintiff was specifically warned that her failure to respond to the motion as ordered could result in a recommendation that this action be dismissed with prejudice because of her failure to prosecute the action and comply with orders of the Court. Plaintiff has not responded to Defendant's motion or complied with the directives of the Court as set out in the Order entered January 4, 2010,

---

[1] Defendant's counsel states that upon being informed by Plaintiff that she wanted to drop the lawsuit he suggested, both orally during the telephone conversation and in a follow-up letter to her, that she "contact the District Court Clerk's office and advise them of [her] decision." See Affidavit of C. Eric Stevens (Docket Entry No. 20), at ¶ 2 and Exhibit A.

2

## II. ANALYSIS

It is well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff's conduct in this case warrants dismissal of the action under Rule 41(b). Plaintiff has refused to engage in discovery by not providing responses to written discovery served upon her and by not attending her own deposition. Further, she has not responded in any manner to the motion to compel and has failed to comply with the specific directives of the Court that she make such a response and indicate her desire either to continue to litigate the action or to voluntarily dismiss the action.

The action should be dismissed with prejudice due to Plaintiff's willfulness and fault in failing to engage in discovery and in disregarding the Court's Order. Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion and has not heeded the warnings of the Court concerning the consequences of her failure to comply with the directives of the Court. See Nadar v. Land, 433 F.3d 496, 501-02 (6th Cir. 2006); Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988). Dismissal of the action with prejudice is appropriate in light of Plaintiff's lack of interest in the action, the hardship it would cause Defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery

caused by Plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and Defendant caused by Plaintiff's conduct.[2]

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the motion to compel or, alternatively, to dismiss (Docket Entry No. 17) filed by Williamson Medical Center be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[2] The January 4, 2010, Order sent to Plaintiff by certified mail was returned by the Postal Service with the notation "unclaimed" and "return to sender: unclaimed; unable to forward." See Docket Entry No. 23. The January 4, 2010, Order was, however, also sent by regular, first class mail, and that mailing has not been returned. In any event, Plaintiff has an obligation to retrieve certified mail sent by the Court, and she was advised in the October 8, 2009, Order of her obligation to inform the Court if she changes her mailing address.

4